UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN HERNANDEZ-RODRIGUEZ (A# 246-190-367),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,,<br>Respondent. | No. 1:26-cv-06736 DAD SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned by operation of 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Because Petitioner's § 1226(c) detention is still within the brief, constitutionally permissible period contemplated by the Supreme Court in Demore v. Kim, 538 U.S. 510 (2003) ("Demore"), the undersigned recommends the petition be denied without prejudice.

**I. Factual and Procedural History**

Petitioner is a citizen and national of Cuba who entered the United States without inspection on November 6, 2022. ECF No. 6-1 at 1-2 (Form I-213). Immigration officials encountered Petitioner and initiated removal proceedings. The proceedings were dismissed on December 2, 2024, due to Petitioner's pending Form I-485 application under the Cuban Adjustment Act. Id. at 2.

On January 29, 2026, Petitioner pled guilty to possession of cocaine under Florida Statutes

§ 893.13(6)(a). He was sentenced to time served and fined $498.00. ECF No. 6-7. On June 25, 2026, local law enforcement arrested Petitioner on a charge of retail theft in coordination with others. ECF No. 6-4 at 8 (FBI "rap sheet"). Immigration and Customs Enforcement ("ICE") agents encountered Petitioner at the county detention facility and took him into custody on July 10, 2026. ECF No. 6-1 at 2-3. On July 12, 2026, the Department of Homeland Security issued Petitioner a Notice to Appear ("NTA") administratively charging him as inadmissible under 8 U.S.C. §§ 1182(a)(7)(A)(i)(I) (noncitizen without valid entry document), 1182(a)(2)(A)(i)(II) (conviction "relating to a controlled substance), and 1182(a)(6)(A)(i) (noncitizen present without admission or parole). ECF No. 6-3 at 4.

On August 25, 2026, Petitioner received a custody redetermination hearing pursuant to 8 C.F.R. § 1236.1. An immigration judge ("IJ") denied bond after determining that Petitioner was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) based on his conviction for cocaine possession and thus subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A). ECF No. 6-6. The IJ additionally determined that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), as amended by the Laken Riley Act, "as he is inadmissible under INA section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) and was convicted of a larceny offense on May 27, 2026." Id. Petitioner reserved his right to appeal but it is unclear from the record whether he did so.

Petitioner, proceeding pro se, filed this petition on August 24, 2026. ECF No. 1. The petition is sparse but generally challenges Petitioner's continued detention without a bond hearing under the Due Process Clause of the Fifth Amendment. Id. at 7 (Count Three). Petitioner requests immediate release as the sole remedy. Id. at 8. Respondent opposes the petition on grounds that Petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) due to his conviction for cocaine possession, and under § 1226(c)(1)(E), due to his more recent theft arrest. ECF No 6. Respondent further argues that the Court should dismiss the petition for failure to exhaust administrative remedies through a hearing pursuant to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999). Id.

**II. Applicable Detention Statute**

Respondent asserts Petitioner is subject to mandatory detention under 8 U.S.C. §

1226(c)(1)(A) by virtue of his conviction for possession of cocaine under Florida Statutes § 893.13(6)(a). Respondent also argues that Petitioner's May 27, 2026, arrest for theft under Florida law qualifies for mandatory detention under 8 U.S.C. § 1226(c)(1)(E), as amended by the Laken Riley Act. The petition is silent as to the statutory basis for Petitioner's detention but the undersigned construes it as challenging the IJ's finding that he is not statutorily entitled to bond. See ECF No. 1 at 8 (disagreeing that he is a danger or flight risk). The undersigned will address the potential statutory bases for mandatory detention in turn.

**A. 8 U.S.C. § 1226(c)(1)(A)**

An IJ has already determined that Petitioner's February 2026 conviction for possession of cocaine under Florida Statutes § 893.13(6)(a) provides a basis for mandatory detention under § 1226(c)(1)(A). That provision requires the government to take into custody any noncitizen who "is inadmissible by reason of having committed any offense covered in" 8 U.S.C. § 1182(a)(2). 8 U.S.C. § 1226(c)(1)(A). Petitioner's NTA specifically reflects an administrative charge under 8 U.S.C. § 1182(a)(2)(A)(i)(II), which reads in relevant part:

> [A]ny [noncitizen] convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21), is inadmissible.

8 U.S.C. § 1182(a)(2)(A)(i)(II). The above-referenced Title 21 provision, 21 U.S.C. § 802, defines "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6).

Although the record does not include a written bond memorandum, the IJ's basic finding that Petitioner's conviction falls under § 1182(a)(2)(A)(i)(II) has ample support in case law. In Chamu v. U.S. Attorney General, 23 F.4th 1325 (11th Cir. 2022), the Eleventh Circuit held that a conviction for cocaine possession under Florida Statutes § 893.13(6)(a) is an offense "relating to a controlled substance" under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and the similarly worded 8 U.S.C. § 1227(a)(2)(B)(i).[1] Judges in this district have similarly concluded that a conviction for cocaine

---

[1] The Eleventh Circuit rejected the petitioner's argument that Florida's cocaine possession statute defines cocaine much broader than its federal counterpart. Chamu, 23 F.4th at 1330-33. The

possession under Florida Statutes § 893.13(6)(a) is a conviction "relating to controlled substances" that provides a basis for mandatory detention under § 1226(c). See Torna Rodirguez v. Warden, No. 1:26-CV-04632-DC-CKD, 2026 WL 2071181, at *1 (E.D. Cal. July 17, 2026), report and recommendation adopted, No. 1:26-CV-04632-DC-CKD (HC), 2026 WL 2321963 (E.D. Cal. Aug. 11, 2026) (finding the petitioner's conviction was an offense covered under 8 U.S.C. § 1227(a)(2)(B)(i) that triggered mandatory detention under § 1226(c)(1)(B)); Rodriguez v. Chestnut, No. 1:26-CV-04548-DJC-CKD, 2026 WL 2110873, at *2 (E.D. Cal. July 22, 2026), report and recommendation adopted, No. 1:26-CV-04548-DJC-CKD, 2026 WL 2172202 (E.D. Cal. July 28, 2026) (same). Finding these authorities persuasive, the undersigned concludes that Petitioner is subject to mandatory detention under § 1226(c)(1)(A).

**B. 8 U.S.C. § 1226(c)(1)(A)**

The undersigned turns next to Respondent's alternative argument that Petitioner is subject to § 1226(c)(1)(E), as amended by the LRA. Congress enacted the LRA in January 2025, expanding mandatory detention to include anyone who (1) is inadmissible pursuant to paragraph (6)(A), (6)(C), or (7) of 8 U.S.C. § 1182(a); and (2) "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" See Pub. L. No. 119–1, 139 Stat. 3 (2025) (amending 8 U.S.C. § 1226(c)(1)(E)). The first statutory condition is satisfied because officials charged Petitioner as inadmissible under U.S.C. § 1182(a)(7)(A)(i)(I).

On its face, Petitioner's June 2026 arrest for theft under Florida Statutes § 812.014(2)(f) appears to satisfy the second statutory condition. See Makhlouf v. Warden, California City Corr. Ctr., No. 1:26-CV-03455 (VC), 2026 WL 1431056, at *2 (E.D. Cal. May 21, 2026) (identifying Florida Statutes § 812.014(2)(f) as a crime enumerated in § 1226(c)(1)(E)). However, the record regarding this arrest is underdeveloped. Respondent did not submit any state criminal case

---

Eleventh Circuit further rebuffed the petitioner's claim that Florida's statute presumes that the possessor knows that a possessed substance is illegal. "[T]he lack of an explicit illicit-nature mens rea element in the Florida statute does not invalidate the immigration consequences of his conviction." Id. at 1333-34.

records pertaining to the purported charge and does not address whether it is still pending. Moreover, the IJ determined that Petitioner was subject to the LRA based not on the theft arrest, but on a May 27, 2026, larceny conviction. ECF No. 6-6 at 1. Petitioner's Form I-213 references the same larceny conviction (ECF No. 6-1 at 2) but there is no evidence of it on Petitioner's FBI rap sheet or elsewhere in the record. Respondent's omission of this conviction from their briefing suggests to the undersigned that the IJ may have made a mistake. These unanswered questions preclude a meaningful LRA analysis and the undersigned declines to find that Petitioner is alternatively detained under § 1226(c)(1)(E). Nevertheless, because Petitioner's detention is authorized under § 1226(c)(1)(A), the undersigned will proceed to the due process analysis.[2]

## II. Due Process Analysis

### A. As-Applied Framework

The undersigned liberally construes the petition as raising an as-applied, procedural due process challenge to Petitioner's § 1226(c) detention without bond. See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (courts must "construe *pro se* habeas filings liberally"). The Supreme Court upheld the facial constitutionality of § 1226(c) in Demore, 538 U.S. at 531, based on the understanding that such detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal." Id. at 513, 529 n.12, 530. Justice Kennedy joined the opinion in full but wrote a concurring opinion recognizing the viability of as-applied challenges under the majority's framework: "[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring). Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court recognized the right to bring such as-applied challenges:

---

[2] For the same reason, the undersigned will not require Petitioner to exhaust via appeal of the IJ's mandatory detention determination to the BIA. See Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (holding a court can elect not to decide a procedural bar issue when a claim can be readily resolved on the merits); Torna Rodriguez, 2026 WL 2071181, at *2 (rejecting Respondent's suggestion that Petitioner pursue Joseph hearing as "futile, if not frivolous" in light of Petitioner's cocaine possession conviction).

"Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Preap, 586 U.S. at 420.

The Ninth Circuit Court of Appeal has expressly declined to address "[w]hether due process requires a bond hearing" in cases of prolonged § 1226(c) detention. Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022), cert. granted, judgment vacated, 144 S. Ct. 1339 (2024). However, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). Other Circuit Courts of Appeal have concluded that Demore does not foreclose as-applied challenges to prolonged detention under § 1226(c). See, e.g., Black v. Decker, 103 F.4th 133 (2d Cir. 2024) ("The Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary."), cert. granted sub nom. Genalo v. Black, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026), dismissal by agreement of all parties, (U.S. Sept. 11, 2026).

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

The undersigned has considered the various tests developed by district courts within the Ninth Circuit, and finds that Mathews v. Eldridge, 424 U.S. 319 (1976), provides the appropriate

test for due process challenges to prolonged detention under § 1226(c). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

**B. Procedural Due Process Analysis**

While noncitizens have a liberty interest in "freedom from prolonged detention' [that] is unquestionably substantial," Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011)), Petitioner has been detained for about three months. In Demore, the Supreme Court held the petitioner's six-month detention under § 1226(c) was "constitutionally permissible" despite being "somewhat longer than average." 538 U.S. at 530-531. Further, although the Ninth Circuit has not addressed when mandatory detention under § 1226(c) becomes prolonged, it has referred to detentions longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022); see also Zadvydas, 533 U.S. at 701 (recognizing a "6–month period" of presumptively reasonable post-removal-period detention). Therefore, given that the duration of Petitioner's detention is still within the range contemplated in Demore, the undersigned finds that it does not yet implicate his protected interest against prolonged detention.[3]

Petitioner of course retains a general liberty interest in freedom from detention—even under a mandatory detention statute like § 1226(c). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty

---

[3] In as-applied challenges to § 1226(c) detention, courts have also found a liberty interest where a noncitizen is released from ICE or criminal custody, "lived for many years as productive members of the community," and only then detained pursuant to § 1226(c). See Carballo v. Andrews, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464, at *4 (E.D. Cal. Aug. 15, 2025) (finding § 1226(c) detainee possessed protected liberty interest where he was on release status for five years following a district court's individualized determination that he did not pose a danger or flight risk); Pham v. Becerra, No. 23-CV-01288-CRB, 2023 WL 2744397, at *5 (N.D. Cal. Mar. 31, 2023) (holding petitioner had cognizable liberty interest where he successfully reintegrated into his community for seven years before his detention pursuant to § 1226(c)). That is not the case here. Immigration officials detained Petitioner several months after his release from jail on time served and pursuant to a new arrest and charge.

that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. But Demore plainly held that the type of brief, § 1226(c) detention that Petitioner has endured to date "is a constitutionally permissible" part of removal proceedings. 538 U.S. at 531. And Petitioner offers no other circumstances that would distinguish Demore. Accordingly, Petitioner's general liberty interest is not yet at stake and the undersigned need not reach the Mathews factors.

For these reasons, the undersigned recommends that the petition be denied without prejudice. These findings and recommendations do not preclude Petitioner from seeking a bond hearing through a subsequent § 2241 petition at a later point in time should his detention become prolonged.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner Yan Hernandez-Rodriguez's (A# 246-190-367) application for a writ of habeas corpus (ECF No. 1) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE